19   396
15ap437

JOSEPH H. NEWINS, AS COUNTY TREASURER OF SUFFOLK COUNTY, PLAINTIFF, *v.* JAMES BAIRD, DEFENDANT.

*Judgment, where an infant appears by guardian — when it may be entered — Code of Civil Procedure, § 1218 — only applicable to judgments by default.*

In an action, brought to foreclose a mortgage, an infant defendant applied for and procured the appointment of a guardian *ad litem,* who put in the general answer. Subsequently, and before the expiration of twenty days from his appointment, the action was tried and judgment rendered in favor of the plaintiff, the guardian appearing and making no objection thereto.

*Held,* that the judgment was regular; that section 1218 of the Code of Civil Procedure, requiring twenty days to elapse between the appointment of the guardian and the entry of judgment, only applied where the judgment was entered by default.

CONTROVERSY submitted on agreed facts, under section 1279 of the Code of Civil Procedure. The question was whether, under § 1218 of the Code of Civil Procedure, the plaintiff, in a case where an infant defendant had appeared and answered by his guardian *ad litem,* was required to wait twenty days before entering judgment.

*Payne & Benjamin,* for the plaintiff.

*S. M. & D. E. Meeker,* for the defendant.

BARNARD, P. J. :

Section 1218 of the Code of Civil Procedure provides that a judgment shall not be taken against an infant defendant, until twenty days have expired since the appointment of a guardian *ad litem* for him. The plaintiff foreclosed a mortgage against George W. Townsend and others. Townsend was an infant, owning two equal undivided thirds of the property. Upon due application of the infant, he being over fourteen years of age, a guardian *ad litem* was appointed, who put in a general answer. The case was tried and judgment entered before the expiration of twenty days subsequent to the appointment of the guardian; but the guardian appeared upon the trial, and no objection was made to the judgment, and no appeal taken. The purchaser

refuses to take title, upon the ground that the judgment is void as against the infant, for the reason that twenty days did not elapse after the appointment of the guardian. We think the objection of no force.

Section 1218 had no reference to judgment taken against infants other than by default. In case the infant appears and makes an issue, it may be noticed for trial at once, like other issues. "At any time after the joinder of issues" either party may serve notice of trial. (Code of Civil Procedure, § 977.)

The submitted case does not disclose whether the trial was upon plaintiff's or the infant's notice. After issue joined, a guard-ian *ad litem* had the right to control the due and orderly management of the action. He could accept short notice of trial, but he could admit nothing to sustain the action. No injury to the infant's interests is pretended. The claim, solely, is that by section 1218 there must be an entire judicial inaction for twenty days after a guardian is appointed, whether issue be joined or not.

We think this is not the true meaning of the section.

There should be a judgment for the plaintiff upon the sub-mitted case, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment for plaintiff on submitted case, with costs.